CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/26/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SAGE VENTURES, LC, )<br>)<br>DALE W. MANCUSO, )<br>)<br>and )<br>)<br>KATHA BOLLFRASS )<br>)<br>Defendants. )<br>) | Case No.: 3:19-cv-00019 |

### COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the plaintiff, Auto-Owners Insurance Company ("Auto-Owners"), by counsel, pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, and files this Complaint for Declaratory Judgment against Sage Ventures, LC ("Sage"), Dale W. Mancuso ("Mancuso"), and Katha Bollfrass ("Bollfrass"), and in support thereof states as follows:

#### INTRODUCTION

1. This is an action for declaratory relief to adjudicate a dispute over the existence of insurance coverage under a policy of insurance issued by Auto-Owners to Bollfrass for claims made by Sage and Mancuso against Bollfrass. Sage and Mancuso have filed a Second Amended Complaint in the Albemarle County Circuit Court naming Bollfrass as a defendant. That case is styled <u>Sage Ventures, LC & Dale W. Mancuso v. Chatham Ridge Condominium Unit Owner's Association, et al.</u>, case number CL16-305.



## PARTIES

2. Plaintiff Auto-Owners is a Michigan corporation created under the laws thereof with its principal place of business in Michigan and is licensed to issue insurance contracts in the Commonwealth of Virginia.

3. Defendant Sage is a Virginia limited liability company created under the laws thereof with its principal place of business in Keswick, Virginia. Upon information and belief, Sage has one member, and that member is a Virginia resident.

4. Defendant Mancuso is a citizen of the Commonwealth of Virginia and a resident of Albemarle County, Virginia. Upon information and belief, Mancuso is the sole member/manager of Sage.

5. Defendant Bollfrass is a Virginia resident.

## JURISDICTION & VENUE

6. An actual controversy exists between the parties with respect to whether the policy issued by Auto-Owners provides coverage for the claims asserted in the Second Amended Complaint filed by Sage and Mancuso and whether any such coverage is subject to exclusions.

7. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs, and is between citizens of different states. Accordingly, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. §§ 2201 and 2202.


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

8. The events giving rise to this action occurred in the Charlottesville Division of the Western District of Virginia, and the defendants' respective principle places of business and/or residences are located in this division. Accordingly, venue exists in this court pursuant to 28 U.S.C. §§ 1391(a) and (b).

9. The court has personal jurisdiction over each of the defendants, in that the defendants either reside in Virginia, regularly conduct or solicit business in Virginia, engage in a persistent course of conduct in Virginia, or derive substantial revenue from goods used or consumed or services rendered in Virginia.

**FACTUAL BACKGROUND**

10. Sage and Mancuso filed the underlying Second Amended Complaint in the Circuit Court for the County of Albemarle making certain allegations that Bollfrass committed certain acts constituting civil conspiracy under Va. Code § 18.2-499, defamation per se, and insulting/fighting words under Va. Code § 8.01-45 causing damages, loss, and injury to Sage and Mancuso. A copy of the underlying Second Amended Complaint is attached as **Exhibit A**.

11. According to the underlying Second Amended Complaint, in January or February 2008, Chatham Ridge Association ("Chatham Ridge") agreed to compensate Sage and Charlottesville Construction and Services, Inc. ("CCS") in exchange for Sage and CCS performing certain repair work on condominiums at Chatham Ridge.

12. According to the underlying Second Amended Complaint, in March 2010 CCS assigned to Sage all of CCS' rights under its agreement with Chatham Ridge.


FRITH ANDERSON +PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

13. According to the underlying Second Amended Complaint, in April 2011 CCS demanded payment from Chatham Ridge for an outstanding balance of $80,239.55 owed by Chatham Ridge.

14. According to the underlying Second Amended Complaint, Bollfrass was a director, officer, and/or agent of Chatham Ridge.

15. According to the underlying Second Amended Complaint, after Chatham Ridge received CCS' demand, Bollfrass made false and defamatory statements about Mancuso.

16. According to the underlying Second Amended Complaint, Bollfrass conspired with another officer, director, and/or agent of Chatham Ridge, Bonnie Pendleton, to harm Mancuso in his business.

17. According to the underlying Second Amended Complaint, Bollfrass acted intentionally, purposefully, and with the express knowledge that she was injuring Mancuso's professional and personal reputations.

18. According to the underlying Second Amended Complaint, Bollfrass intentionally made allegedly false and defamatory statements about Mancuso so as to injure Mancuso's professional and personal reputations.

19. According to the underlying Second Amended Complaint, Bollfrass made the alleged false and defamatory statements about Mancuso in furtherance of a conspiracy to harm Mancuso in his trade, business, and profession.

20. According to the underlying Second Amended Complaint, Bollfrass made the alleged false and defamatory statements with actual malice.



21. According to the underlying Second Amended Complaint, Bollfrass made the alleged false and defamatory statements knowing them to be false.

22. According to the underlying Second Amended Complaint, Bollfrass made the alleged false and defamatory statements out of a desire to hurt Mancuso and to permanently stigmatize him.

23. In the underlying Second Amended Complaint, Sage and Mancuso have requested damages in an amount not less than $3,350,000.00, plus interest.

## THE POLICY

24. Auto-Owners issued a policy of insurance to Bollfrass with policy number 44-961-068-00 ("the Policy").

25. A true and accurate copy of the applicable Policy is attached hereto as **Exhibit B**.

26. The Policy provides insurance coverage to the named insured, for "bodily injury" which occurs during the policy period and "damages which an insured person becomes legally obligated to pay because of: (1) libel, slander, or defamation of character" during the policy period subject to various terms, conditions, and exclusions. **Ex. B**, Endorsement 17606 (9-85), page 13; **Ex. B**, Endorsement 57133 (6-08), page 2; **Ex. B**, Endorsement 17681 (9-85), page 1.

27. The Policy is an occurrence-based policy, and the acts alleged in the underlying Second Amended Complaint occurred in or about July 2011. As such, the Policy issued by Auto-Owners to Bolffrass with effective dates of March 19, 2011 to March 19, 2012 is the applicable policy for purposes of this declaratory judgment action.

28. The Policy provides coverage on the following basis:


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

**SECTION II**
**PERSONAL LIABILITY PROTECTION**
**COVERAGE E PERSONAL LIABILITY**

> *We will pay all sums which an insured person becomes legally obligated to pay as damages because of bodily injury or property damage covered by this policy.*

See **Ex. B**, Endorsement 17606 (9-85), page 13.

29. The Policy defines "bodily injury" as "bodily injury, sickness or disease and includes resulting care, loss of services or death." **Ex. B**, Endorsement 57133 (6-08), page 3.

30. An additional endorsement to the Policy provides coverage for "personal injury" as follows:

**PERSONAL INJURY ENDORSEMENT**
*We agree:*

> *PERSONAL LIABILITY Coverage is extended as follows:*
>
> *We cover damages which an insured person becomes legally obligated to pay because of:*
>
> 1. *libel, slander, or defamation of character;*
> 2. *false arrest, detention or imprisonment, or malicious prosecution;*
> 3. *invasion of privacy; or*
> 4. *wrongful eviction or wrongful entry.*

**Ex. B**, Endorsement 17681 (9-85).

### UNDERLYING CLAIMS FOR CIVIL CONSPIRACY, DEFAMATION & INSULTING WORDS

31. To the extent the underlying Second Amended Complaint's claims for civil conspiracy, defamation, and insulting words do allege "bodily injury" or "personal injury", the underlying Second Amended Complaint's claims for civil conspiracy, defamation, and insulting words are excluded from coverage under the Policy.

32. The Policy excludes certain damages from coverage as follows:


FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

*EXCLUSIONS*

*Under Personal Liability Coverage and Medical Payments to Others Coverage we do not cover:*

*\* \* \* \**

*7. bodily injury . . . expected or intended by an insured person.*

**Ex. B**, Endorsement 17606 (9-85).

33. The Policy also excludes damages for "personal injury" as follows:

*We do not cover such damages:*

1. *in connection with any business; or*
2. *with respect to any publication or utterance made knowing it to be false.*

**Ex. B**, Endorsement 17681 (9-85), page 1.

34. The damages claimed by Mancuso for the underlying claims for civil conspiracy, defamation, and insulting/fighting words were "expected or intended by an insured person."

35. The damages claimed by Mancuso for the underlying claims for civil conspiracy, defamation, and insulting/fighting words arise out of a "publication or utterance made knowing it to be false."

36. The Policy issued by Auto-Owners does not provide coverage for the damages set forth in the underlying Second Amended Complaint. Therefore, Auto-Owners has no duty to indemnify Bollfrass for any damages found against her in the underlying action.

WHEREFORE, Auto-Owners respectfully requests that this court enter an Order declaring that Auto-Owners has no duty to indemnify Bollfrass in connection with the



FRITH
ANDERSON
+PEAKE PC
ATTORNEYS AT LAW
Roanoke, Virginia

allegations contained in the Second Amended Complaint filed by Sage and Mancuso in the underlying action and award such further relief as this Court deems just and proper.

Respectfully submitted,

AUTO-OWNERS INSURANCE COMPANY

/s/ _____
Phillip V. Anderson (VSB No. 23758)
Nathan Schnetzler (VSB No. 86437)
Winston W. Burks, IV (VSB #: 93411)
FRITH ANDERSON + PEAKE, P.C.
29 Franklin Road, S.W.
P.O. Box 1240
Roanoke, Virginia 24006-1240
Phone: 540/772-4600
Fax:    540/772-9167
Email: panderson@faplawfirm.com
           nschnetzler@faplawfirm.com
           wburks@faplawfirm.com
*Counsel for Auto-Owners Insurance Company*

